**Wife F., Plaintiff Below, Appellant,**

v.

**Husband F., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted April 14, 1976.

Decided May 13, 1976.

** Formerly, 29 Del.C. § 6910(d).

*** See 14 Del.C. § 5106.

C. Waggaman Berl, Jr., Wilmington, for plaintiff-appellant.

Ben T. Castle, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

■ In this divorce action Wife obtained a decree in the Superior Court on the basis of extreme cruelty and thereafter sought an allowance out of her Husband's property under the then governing Statute, 13 Del.C. § 1531(a). The Court was authorized thereby to award her such share of her Husband's estate as it "deem[ed] reasonable" which, in essence, called for the exercise of a sound discretion. *M v. M*, Del.Supr., 321 A.2d 115 (1974); *Wife v. Husband*, Del.Supr., 258 A.2d 283 (1969). (Compare the present Statute, 13 Del.C. § 1513, which specifies certain "relevant factors.") Wife appeals from the order dividing the marital property.

We have considered the several separate arguments made by the parties and conclude that, with two exceptions, there was no abuse of discretion by the Court or other error of law requiring a reversal. But we are satisfied that the Trial Court should have reexamined the issue as to the value of the business and the record does not show that it applied the law governing counsel and witness fees.

## (1) The Business

Husband was the sole stockholder of a corporation operating a retail liquor store which, at the time of hearing, had cash in the amount of $4,722 and an inventory valued at $22,000. It appears that in dividing the property, the Court valued the corporation at the sum of those assets, that is, at $26,722. But before a final order had been entered Husband made an agreement to sell the business for about $110,000, or about four times the value used by the Court as a basis for its property division.

■■ Wife applied to reopen the hearing so that she could submit evidence as to the sale but the Court refused to hear it. Given the equitable nature of the proceeding, the time at which the application was made (before final order), the total amount of property involved in the proceeding, and the substantial difference between the asset and sale value of the business, we conclude that the application should have been granted. We emphasize that not every post-hearing change in asset value requires reexamination, or an evidentiary hearing, but the difference here was so substantial that the Court, which was still attempting to finally settle the property issues, should have determined to what extent, if any, the sale price required a change in its award. Failure to do so was, in our view, an abuse of discretion.

## (2) Counsel and Witness Fees

The Court declined to award counsel fees to the Wife, apparently because she had received a substantial property award. The Court also refused to tax expert witness fees against Husband, presumably for the same reason.

In *Husband S v. Wife S,* Del.Supr., 294 A.2d 89 (1972), this Court ruled that the purpose of 13 Del.C. § 1526 (formerly § 1530) is to place the parties on substantially the same financial basis, and stated in the opinion:

" . . . [W]e hold that, in the exercise of its discretion, the right to suit money under § 1530 is to be viewed by the Trial Court as of the inception of the case; that later developments during the case, such as the finding of perjury, or the ultimate result of the case, such as an unsuccessful defense, may be relevant to the amount of suit money to be awarded, but not to the right thereto under the Statute."

Here, a token award of $200 was made at or near the beginning of the action but after final hearing the Court simply entered an order denying an application for both expert witness fees and attorney fees.

■■ It is clear under this Court's ruling in *Husband S* supra that the Wife's "right to suit money" must be viewed by "the Trial Court as of the inception of the case." Given the award made, it appears that Wife established her right to such money, compare *Husband S,* supra at 294 A.2d 92, and thus the only question was the amount thereof. While the value of property assigned may be "relevant to the amount of suit money to be awarded," *Husband S* supra, it does not follow from the division made herein that the Wife is necessarily or automatically without right to such moneys in any amount. Indeed, since her right thereto had been established, the Trial Court had a duty to go on from there to consider the amount question. We make no judgment about what amount, if any, is appropriate but the parties are entitled to have the record show what factors the Court considered in the exercise of its discretion in fixing such amount or in denying any award.

Reversed and remanded.