**WALTER W.B., Sr., Plaintiff Below, Appellant,**

v.

**ELIZABETH P.B., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 18, 1983.

Decided: June 28, 1983.

John A. Sergovic, Tunnell & Raysor, Georgetown, for appellant.

Emmett J. Conte, Jr., Wilmington, for appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

PER CURIAM:

For over five years after their divorce the parties have hotly contested every aspect of the division of their marital property. They could not agree on anything. Based on detailed findings of fact, the trial judge ultimately decreed a division of 60% to the husband and 40% to the wife.

The issues presented are mainly factual and involve challenges to the trial judge's exercise of discretion. After a careful review of the record, we are satisfied that the evidence fully supports the trial court's findings of fact and conclusions of law. Similarly, there was no abuse of discretion or error of law in the rulings below.

■ However, we do address one issue raised by the husband, which this Court has not previously discussed in a reported opinion—whether marital property is to be valued on the date of divorce or at the time of the property division trial. This problem arises because the principal assets being divided here are shares of stock in closely held family corporations.

Only a brief recitation of the facts pertinent to this issue is necessary. The parties were married for over 30 years. Together, they developed a successful family business, operated through various corporations, and acquired assets in excess of $1,000,000. The divorce has been bitter, and obviously this has been exacerbated by the protracted litigation that ensued. The rift and discord between the parties even encompasses the grown children of the marriage. All of the children are stockholders of one or more of these family companies, and one of their sons, who is an officer and director of a company in which his mother is a large stockholder, takes his father's side of the battle and is totally alienated from his mother. Because of the bitterness that prevails throughout this family, the trial judge concluded that the affairs of the corporations would best be served if the husband, who has been the driving force behind the development of the family business, was awarded all the stock in these closely held companies. However, he was required to pay his former wife the fair value of her marital interest in these shares. *Weinberger v. UOP, Inc.,* Del.Supr., 457 A.2d 701, 713 (1983).

The husband argues that the stock should be valued on the date of divorce. However, the trial judge ruled, and we agree, that these shares were to be valued as of the date of the property division trial. The trial court's reasons are sound. The evidence sustains a conclusion that any resulting increases in value are due to the going concern nature of the business that it took this husband and wife three decades to develop. The trial judge also noted that the husband's profligate use of funds and his control and consumption of marital assets before the divorce were an additional factor in this decision. Finally, the court concluded that these parties, who for five years were in the best position to amicably and favorably resolve their differences, have adamantly refused negotiation and settlement. Thus, it is inevitable that any court-imposed division will present hardships for both. Clearly, this latter observation by the trial court is not meant in a punitive sense, but shows the care, consideration and equity of the division which the court was required to make.

■ Certainly, the date of divorce controls for determining the *identity* of marital property. But this is distinct from the question of valuation. Equitable factors may exist, as they clearly do here, which dictate the use of a valuation date after the divorce.

In this case the family companies operated after the marriage ended, and the respective status of the husband and wife as stockholders continued. In the normal course of things, equipment, property and capital were expended, transferred, exchanged and/or acquired during the five years these parties litigated the property division issues.

■ While the husband has been awarded all of the wife's marital interest in the shares of these companies, he does not want her to be paid their true value up to the date that the division was decreed. The fatal weakness in his argument is that the property and increments in value, which he argues should be excluded, were not acquired by him personally, but by the corporate entities. The valuation of corporate shares, whether of a private or public com-

**416**

pany, is not a mechanical or rigid endeavor. A cardinal precept is that a stockholder is entitled to be paid the fair value of that which has been taken from him or her. *Weinberger v. UOP, Inc.,* 457 A.2d at 712, 713. This means that all relevant factors pertaining to an equitable valuation must be considered, and in the context of a division of marital property, that includes a date as of which values become fixed.

While the husband has been awarded 60% of all the marital property, and his former wife from whom he is so totally estranged has been eliminated from the family business which she helped create, he still demands more. On this record it is clear that the trial judge had a difficult task in equitably dividing the property. He did so in an atmosphere that necessitated hard choices. The selection of a valuation date was but one of many difficult judgments he had to make. Upon this record his decision was a proper exercise of judicial discretion, and it will not be overturned. *Wife B. v. Husband B.,* Del.Supr., 395 A.2d 358, 359 (1978).

The trial court's findings of fact and conclusions of law are supported by the record, and are the product of an orderly and logical deductive process. They are not clearly erroneous. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972). In our view all issues were fully and carefully decided in the trial judge's two unpublished opinions.

Accordingly, the judgment will be affirmed. Among the issues decided below was an award of attorneys' fees to the wife's counsel. It follows, that with the husband's unsuccessful appeal here, the case should be remanded to the trial court for a further award of costs, expenses and reasonable counsel fees to the wife. *Bruce E.M. v. Dorothea A.M.,* Del.Supr., 455 A.2d 866, 873 (1983).

\* \* \*

AFFIRMED AND REMANDED.