494 A.2d 1253 (1985)
Hildegarde H. BACHTLE, Petitioner-Below, Appellant,
v.
Edward R. BACHTLE, Respondent-Below, Appellee.
Supreme Court of Delaware.
Submitted: January 22, 1985.
Decided: June 4, 1985.
Alene S. Berkowitz, Berkowitz, Greenstein, Schagrin & Coonin, P.A., Wilmington, for appellant.
S. Bernard Ableman (argued) and Collins J. Seitz, Jr., Connolly, Bove, Lodge & Hutz, Wilmington, for appellee.
Before HERRMANN, C.J., HORSEY, J., STIFTEL, President Judge, O'HARA and BIFFERATO, Judges, constituting the Court en Banc.
*1254 HERRMANN, Chief Justice (for the majority):
The sole issue on this appeal is whether the Family Court abused its discretion in refusing to reopen a property division judgment, 468 A.2d 302 (Del.Fam.Ct.1983), where the wife claimed that the subsequent sale price of the marital residence constituted evidence substantial enough to warrant a reconsideration of the judgment already entered.

I.
The husband and wife were divorced after approximately twenty-two years of marriage. The Family Court conducted ancillary *1255 proceedings addressed to the distribution of marital assets.
The sole item of concern in this appeal is the Family Court's valuation of the marital residence. During the ancillary proceedings, both the husband and wife presented expert testimony regarding the value of the property. The wife's expert appraised the value at between $172,000 and $195,000. The husband's expert valued the property at $150,000. The wife petitioned the Family Court either to order that the house be sold and the proceeds divided after the sale, or to award the house to her. The husband asked that the house be awarded to him so that he could continue to live there with the minor son, at least until the son began college about six months later. Alternatively, the husband requested that the Family Court establish the present value of the house and permit him to buy the wife's share.
The Family Court valued the property at $150,000 and awarded it to the husband. Approximately nine months later, the husband sold the residence for $218,000.
The wife did not appeal the Family Court's decision to this Court. However, approximately ten months following the sale of the marital residence (about nineteen months after the Family Court decision), the wife petitioned the Family Court to reopen the judgment in that Court so that the sale price of the house could be included in a modified distribution of marital property. The Family Court denied the motion. The wife appeals.

II.
The reopening of a property disposition judgment, as sought by the wife, is governed by 13 Del.C. § 1519(a)(3), which provides:
(a) A decree or separate order entered under § 1518 of this title may be modified or terminated only as follows:
* * * * * *
(3) Property disposition, only upon a showing of circumstances that would justify the opening or vacation of a judgment under the Rules of the Superior Court of this State....
Thus, the Statute refers us to the applicable Superior Court Civil Rule 60(b).[1] Though the wife moved to "Reopen Hearing to Submit Evidence as to Sale," she specified no procedural basis for the motion. Therefore, we examine the wife's motion under the only two possible bases for relief provided by Rule 60(b).

A
Rule 60(b)(2) permits relief from a judgment in the case of "newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b)." Hence, the key question here is whether the wife seeks to introduce "newly discovered evidence." In order for evidence to qualify as "newly discovered evidence," it must have been "in *1256 existence and hidden at the time of judgment...." Ryan v. United States Lines Co., 2d Cir., 303 F.2d 430, 434 (1962). See also Brown v. Pennsylvania Railroad, 3d Cir., 282 F.2d 522, 527 (1960).[2] The $218,000 sale price for the property was not in existence at the time of judgment; hence, that figure constitutes "new evidence," not "newly discovered evidence."

B
The only other Rule 60(b) provision, under which the wife's petition to reopen the Family Court proceedings may fall, is Rule 60(b)(6). Rule 60(b)(6) permits a court to grant relief from a judgment "for any other reason justifying relief." We have held that a party must demonstrate "extraordinary circumstances" before a court will grant relief from judgment under that Section. Jewell v. Division of Social Services, Del.Supr., 401 A.2d 88, 90 (1979); see also Schremp v. Marvel, Del.Supr., 405 A.2d 119, 120 (1979). Therefore, we must consider whether the Family Court abused its discretion in finding that the circumstances here presented were not sufficiently "extraordinary" to warrant relief from the property valuation it rendered.
The appellant places major reliance upon Wife F. v. Husband F., Del.Supr., 358 A.2d 714 (1976). In that property disposition matter ancillary to a divorce proceeding, the Family Court valued certain assets at $26,722. Before the final order was entered, however, the husband sold the assets for $110,000  a value four times greater than that fixed by the Court. This Court there stated:
Wife applied to reopen the hearing so that she could submit evidence as to the sale but the Court refused to hear it. Given the equitable nature of the proceeding, the time at which the application was made (before final order), the total amount of property involved in the proceeding, and the substantial difference between the asset and sale value of the business, we conclude that the application should have been granted. We emphasize that not every post-hearing change in asset value requires reexamination, or an evidentiary hearing, but the difference here was so substantial that the Court, which was still attempting to finally settle the property issues, should have determined to what extent, if any, the sale price required a change in its award. Failure to do so was, in our view, an abuse of discretion.
Wife F. v. Husband F., supra at 716.
Thus, the reopening of a hearing is a discretionary matter which requires the Trial Judge to weigh the facts and circumstances of each case. Significant in Wife F. v. Husband F., supra, were the facts that: (1) the disparity between the Court's valuation and the selling price was fourfold; (2) the Court was still trying to settle the property matters and had not yet entered a final judgment; (3) the application was for the reopening of a hearing  not the reopening of a final judgment; and (4) a direct appeal was promptly taken to this Court upon the final judgment.
By contrast, in this case, a final judgment had been entered. This appeal followed by approximately nineteen months. We find Wife F. clearly distinguishable on its facts.
There must be an end to litigation. We conclude that the Family Court did not abuse its discretion in holding that the wife in this case had not demonstrated the "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6).

* * *
The Court below has discretion to value the marital property as of the time of divorce, the time of separation, or the time of the hearing. Walter W.B., Sr., v. Elizabeth P.B., Del.Supr. 462 A.2d 414 (1983). The Family Court properly exercised its *1257 discretion in ascertaining the value of the property when it did. Because the wife failed to make the necessary showings under Rule 60(b), we hold that the Family Court did not abuse its discretion in denying the wife's motion to reopen the judgment.

* * *
For the foregoing reasons, the decision below is
Affirmed.
STIFTEL, President Judge, dissenting:
I reluctantly disagree.
Rule 60(b) was born to prevent injustice. 11 Wright & Miller, Federal Practice and Procedure, Civil Section 2864. It should apply under these facts. The value of the house was clearly underestimated. All the experts agreed that "testing the market" was the appropriate solution. Mr. B said he was interested in remaining in the house for a short time  until a child completed the term at a school located 600 feet away. The house is in a "Mercedes" neighborhood. Homes are individual  comparables difficult. Two were used. This was not a condemnation case where range of values cannot be tested in the market. Here, where no-one could be reasonably sure what the property would bring, testing the market was the solution. The property sold for $218,000  $68,000 more than the Court accepted as valuation  a few months after the final Order. The ex-husband placed it on the market for approximately a quarter of a million dollars  probably a few weeks before it was sold. Delay in taking action was due to no information available to the ex-wife on the sale.
At the time of the valuation by the experts, mortgage interest rates were about 17%; at the time of the Court hearing, interest rates dropped to 13½%. Housing prices were going up as interest rates were coming down. Expensive homes were easier to market.
The Court held that the ex-wife should get 56% of the marital assets, he 44%. This is when the value of the house was at $150,000. At $218,000, the ex-wife would receive $38,000 more. The home was 63% of the marital estate. Husband ends up getting 63% of the marital assets and the wife gets 37%. This defeats the original intent of the Court below to award more to the ex-wife.
The ex-wife was favored for good reason. At the time of the hearing, she worked as a receptionist for $7,500 a year. She received $75,000 in her division of the marital property. She paid $12,000 attorney's fee. She was left with $63,000. $38,000 added to this would help immeasurably. In contrast to her post-marital future, her husband will earn many times what she does. He is a highly regarded landscape architect whose income will probably substantially improve as the housing market improves.
At this stage, the ex-wife would like to find out the total facts. She would like to know if Mr. W. may have made a mistake in his appraisal. The Judge said that many facts could have accounted for the disparity between the value at the time of the hearing and the sale date. She would like to find out these facts; but discovery has been denied.
The economics of the unskilled, displaced homemaker, married 22 years, should be considered. If an unfair disparity exists, it should not be allowed where there is such a differential in skills. We should not exhibit a poor internal sense of what a woman's dedication to family and home is worth in reaching a final accounting. No fault divorce does not mean no fault judgment. I know there is justice for all, but it does not seem to be equally distributed here. I would allow her to try to discover in order to attempt to correct a possible inequity. Wife F. v. Husband F., Del.Supr., 358 A.2d 714 (1976), does not prevent this.[*]
NOTES
[1] Superior Court Civil Rule 60(b) provides:

On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) and other reason justifying relief from the operation of the judgment. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a Court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant any relief provided by statute, or to set aside a judgment for fraud upon the Court, or to deal with judgments by confession as provided by law. Writs of coram nobis, coram vobis, and audita querela are abolished, and the procedure for obtaining relief from judgments shall be by motion as prescribed in these Rules or by an independent action.
[2] The Superior Court Civil Rules closely track the Federal Rules of Civil Procedure. Construction of the Federal Rules is persuasive authority for the construction of the Superior Court Rules. See Herrmann, "The New Rules of Procedure in Delaware," 18 F.R.D. 327 (1955).
[*] In Wife F v. Husband F, Del.Supr., 358 A.2d 714 (1976), the percentage was much higher. However, the dollar differential between the amount in Wife F v. Husband F, and this case is $15,278 ($110,000 less $26,722 = $83,278). In the principal case, the difference is $68,000, which subtracted from $83,278 leaves $15,278. Dollars should count more than percentages, and there is not much difference.