STIFTEL, President Judge,
dissenting:
I reluctantly disagree.
Rule 60(b) was born to prevent injustice. 11 Wright & Miller, Federal Practice and Procedure, Civil Section 2864. It should apply under these facts. The value of the house was clearly underestimated. All the experts agreed that “testing the market” was the appropriate solution. Mr. B said he was interested in remaining in the house for a short time — until a child completed the term at a school located 600 feet away. The house is in a “Mercedes” neighborhood. Homes are individual — comparables difficult. Two were used. This was not a condemnation case where range of values cannot be tested in the market. Here, where no-one could be reasonably sure what the property would bring, testing the market was the solution. The property sold for $218,000 — $68,000 more than the Court accepted as valuation — a few months after the final Order. The ex-husband placed it on the market for approximately a quarter of a million dollars — probably a few weeks before it was sold. Delay in taking action was due to no information available to the ex-wife on the sale.
At the time of the valuation by the experts, mortgage interest rates were about 17%; at the time of the Court hearing, interest rates dropped to 13V2%. Housing prices were going up as interest rates were coming down. Expensive homes were easier to market.
The Court held that the ex-wife should get 56% of the marital assets, he 44%. This is when the value of the house was at $150,000. At $218,000, the ex-wife would receive $38,000 more. The home was 63% of the marital estate. Husband ends up getting 63% of the marital assets and the wife gets 37%. This defeats the original intent of the Court below to award more to the ex-wife.
The ex-wife was favored for good reason. At the time of the hearing, she worked as a receptionist for $7,500 a year. She received $75,000 in her division of the marital property. She paid $12,000 attorney’s fee. She was left with $63,000. $38,000 added to this would help immeasurably. In contrast to her post-marital future, her husband will earn many times what she does. He is a highly regarded landscape architect whose income will probably substantially improve as the housing market improves.
At this stage, the ex-wife would like to find out the total facts. She would like to know if Mr. W. may have made a mistake in his appraisal. The Judge said that many facts could have accounted for the disparity between the value at the time of the hearing and the sale date. She would like to find out these facts; but discovery has been denied.
The economics of the unskilled, displaced homemaker, married 22 years, should be considered. If an unfair disparity exists, it should not be allowed where there is such a differential in skills. We should not exhibit a poor internal sense of what a woman’s dedication to family and home is worth in reaching a final accounting. No fault divorce does not mean no fault judgment. I know there is justice for all, but it does not seem to be equally distributed here. I would allow her to try to discover in order to attempt to correct a possible inequity. Wife F. v. Husband F., Del.Supr., 358 A.2d 714 (1976), does not prevent this.*

 In Wife F v. Husband F, Del.Supr., 358 A.2d 714 (1976), the percentage was much higher. However, the dollar differential between the amount in Wife F v. Husband F, and this case is $15,278 ($110,000 less $26,722 = $83,278). In the principal case, the difference is $68,000, which sub- *1242 traded from $83,278 leaves $15,278. Dollars should count more than percentages, and there is not much difference.