BRANDY A. CARPENTER, Respondent Below-Appellant,
v.
DAVID V. CARPENTER Petitioner Below-Appellee.
No. 460, 2008.
Supreme Court of Delaware.
Submitted: February 24, 2009.
Decided: April 6, 2009.
Before HOLLAND, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 6th day of April 2009, it appears to the Court that:
(1) Respondent-Appellant Brandy A. Carpenter ("Wife") appeals from the Family Court order denying her a retroactive award of Petitioner-Appellee David V. Carpenter's ("Husband") pension to the date of divorce.[1] Wife makes two arguments on appeal. First, she contends that the Family Court erred when it issued a second and contradictory decision regarding the issue of retroactivity of Husband's pension without a motion to reopen, a motion to reargue, or any appeal having been filed by either party after the entry of the previous final order. Second, she contends that the Family Court abused its discretion by reconsidering and contradicting a prior final order without a request from either party to do so. We find no merit to her arguments and affirm.
(2) Husband and Wife were married on February 4, 1974, separated on May 4, 1994, and divorced on May 16, 2001. The Family Court held ancillary hearings regarding property division and alimony from April through June 2002 and an Ancillary Order dividing the parties' marital estate 60% to Wife and 40% to Husband was entered on June 8, 2005 (the "2005 Order").[2] The 2005 Order also specifically addressed Husband's State Police pension, holding that it "shall be divided pursuant to the Cooper formula with a 55% multiplier in favor of wife."[3] It referred to Wife's award prospectively (i.e. "[p]ursuant to the terms of this decision, [W]ife will be receiving over $1,000.00 per month from her husband's State Police pension."[4]) and there was no mention of any retroactivity of the award.
(3) Both Husband and Wife filed timely motions for reargument in June of 2005. In her motion, Wife raised the issue of her entitlement to an award of Husband's pension benefits retroactive to the date of divorce, not, as Husband argued, prospective as of the date of the 2005 Order awarding those pension benefits. On August 25, 2006, the court issued an order regarding the motions for reargument (the "2006 Order").[5] In the 2006 Order, the court concluded that it needed additional information concerning the value of the pension in order to rule on the appropriateness of a retroactive award and ordered Husband to produce additional information regarding the asset. The court noted that it was still considering the issue of a retroactive award of Husband's pension.[6]
(4) On April 9, 2008, without any oral argument or further hearing regarding the motions for reargument, the court issued an order granting Wife a retroactive award of Husband's pension to the date of their divorce (April 2008 Order").[7] The April 2008 Order also addressed another outstanding issue by refusing to require Husband to maintain a $100,000 life insurance policy with Wife as the beneficiary.[8] The court then ordered Wife's counsel to submit a Qualified Domestic Relations Order ("QDRO") within 30 days calculating Wife's retroactive interest in the pension in "the same manner and interest as in the current QDRO."[9]
(5) Following the April 2008 Order, nothing was filed by either party until forty-two days later, on May 21, 2008, when Wife submitted a proposed QDRO with the requested calculations. According to Wife, the retroactive payments required by the April 2008 Order amounted to an additional $69,000 plus $19,764 in interest, or a total additional payment of $88,764. The QDRO was never entered and no motion for reargument, reconsideration, or relief from judgment or order, or appeal to this Court was filed by either party.
(6) On May 19, 2008, Judge Peter B. Jones, who had been assigned to the case since February 2000, recused himself from further involvement in the case. Judge Jay H. Conner was assigned to the matter on May 27, 2008.
(7) On June 24, 2008, Husband submitted a letter to Judge Conner seeking relief from the April 2008 Order awarding Wife retroactive pension benefits. Wife responded on July 3 and July 9, arguing Husband's letter was an inappropriate attempt to have the court reconsider the April 2008 Order, because he did not file a motion to reconsider/reargue within ten days of the order. On July 1, 2008, Judge Conner wrote to the parties' counsel and indicated his belief that the effective date of Wife's entitlement to her share of Husband's pension as well as an appropriate amount of life insurance to be maintained by Husband for Wife's benefit were still at issue.
(8) On July 28, 2008, the court held a hearing and heard oral arguments from counsel regarding the June 2005 cross-motions for reargument and the April 2008 Order awarding Wife a retroactive interest in Husband's pension. On August 13, 2008, the court issued an opinion indicating that Judge Jones had "recused himself prior to the reargument aspect of the case being completed...."[10] Judge Conner then reviewed the 2005 Order and April 2008 Order and concluded that the two were "contradictory and inconsistent."[11] The court determined that the April 2008 Order was fundamentally unfair to Husband and modified Wife's retroactive award of Husband's pension to begin as of January 1, 2003the date by which the court felt a QDRO should have been signedrather than May 21, 2001  the date of divorce.[12] The court also lowered Wife's Cooper formula multiplier from 55% to 40% to reflect the fact that Husband had already paid the tax on Wife's share.[13] Further, the court declined to add interest because it found Husband was not at fault for the delay in Wife receiving her share of the pension.[14] The net effect of the court's ruling was to lower Wife's retroactive award of Husband's pension from $88,764 to $26,013.[15]
(9) Wife contends that the Family Court erred by issuing a second and contradictory decision regarding the issue of retroactivity of Husband's pension when there was no motion to reopen, motion to reargue, or any appeal filed by either party in response to the first order. Wife asserts that the April 2008 Order was a final order on the issue of retroactivity and there was no authority or procedural mechanism whereby the court could issue a subsequent decision modifying that order.
(10) Our "standard and scope of review of an appeal from the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the Trial Judge."[16] Where the court's decision implicates a ruling of law, we review the court's determination de novo.[17] However, the reopening of a final judgment is a matter within the sound discretion of the trial judge.[18]
(11) The record is clear that subsequent to the April 2008 Order, neither party took any formal procedural action to have that decision reviewed by any court. The docket reflects that there was no motion to reconsider, reargue, or alter or amend judgment pursuant to Family Court Civil Rule 59;[19] no motion for relief from judgment or order pursuant to Family Court Civil Rule 60;[20] and no appeal to this Court pursuant to Supreme Court Rule 6.[21] Nonetheless, Husband contends that his letter to the court dated June 24, 2008 was an "informally drafted" Rule 60(b) motion for relief from judgment or order and that the Family Court treated it as such.
(12) While Husband's request for relief was not in strict conformity with the requirements of Family Court Rule 7(b),[22] it stated with particularity the grounds on which it was based and set forth the relief or order sought. It was also copied to Wife's counsel who had notice of the motion and responded to it. While it was well within the Family Court's power to deny such a request, it was also permitted, in its discretion, to treat it as a Rule 60(b) motion. It appears that the court chose to treat Husband's letter as a Rule 60(b) motion despite its flaws. We find no abuse of discretion by the Family Court in doing so.
(13) Wife next contends that the Family Court abused its discretion by issuing a second and contradictory decision regarding the issue of retroactivity of Husband's pension. A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court. Accordingly, the Family Court's ruling on such a motion will be set aside on appeal only for an abuse of discretion.[23]
(14) In essence the Family Court treated Husband's letter as a motion under Rule 60(b)(6). That rule permits a court to grant relief from a judgment "for any other reason justifying relief."[24] We have held that a party must demonstrate "extraordinary circumstances" before a court will grant relief from judgment under that paragraph.[25] Therefore, we must consider whether the Family Court abused its discretion in finding that the circumstances here presented were sufficiently "extraordinary" to warrant relief from the retroactive award of pension benefits.
(15) We have not defined with any specificity what amounts to extraordinary circumstances sufficient to warrant relief under this standard; however in interpreting the Federal Rule of Civil Procedure 60(b), which is virtually identical to Family Court Civil Rule 60(b),[26] the United States Supreme Court has stated that the phrase "any other reason justifying relief" used in subsection (6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[27] That standard is met here.
(16) In the August 2008 Order, the court reviewed the 2005 Order and the April 2008 Order and explained that while the 2005 Order was lengthy and descriptive, "[n]owhere ... did the trial Judge mention or even suggest Wife could possibly receive any retro-active pension payment to a date earlier than the date of that Order."[28] Thus, the court observed that "there is not the slightest indication that Husband would have any obligation to pay Wife, sometime in the future, an additional substantial lump sum of $69,000.00 or any amount based on retroactivity of her pension entitlement. Husband would have no reason to foresee or expect such a change of his financial obligation in a future Court Order."[29] The court further explained that, in contrast, the April 2008 Order did not "provide any clear reason or explanation for creating this lump sum retroactive award," stating only that the decision was "[i]n keeping with [the] logic ..." "that it was most equitable to value the marital estate as of the date of divorce."[30]
(17) Faced with two "contradictory and inconsistent" orders, the court found that the April 2008 Order reversed its position in the 2005 Order on the pension "and in so doing, created and imposed a new and unexpected substantial financial obligation and burden on Husband."[31] As a result, the court explained it was required to reconcile "the lengthy and detailed" 2005 Order with the "succinct and unexplained" April 2008 Order and noted that "[t]he only option open to the Court, at this time, is to find a resolution fair to both parties."[32]
(18) When it appears that two orders by the same court in the same matter are inconsistent and contradictory, extraordinary circumstances are present and relief under Rule 60(b) is appropriate to accomplish justice. The Family Court's decision to reopen and modify the April 2008 Order was not an abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] Pseudonyms were assigned on appeal pursuant to SUPR. CT. R. 7(d).
[2] See Husband (D.V.C.) v. Wife (B.C.), Del. Fam., No. CS00-03243, Jones, J. (June 8, 2005) [hereinafter 2005 Order].
[3] Id. at 57.
[4] Id. at 59.
[5] See Husband (D.V.C.) v. Wife (B.C.), Del. Fam., No. CS00-03243, Jones, J. (Aug. 25, 2006) [hereinafter 2006 Order].
[6] See id. at 11-12.
[7] See Husband (D.V.C.) v. Wife (B.C.), Del. Fam., No. CS00-03243, Jones, J., 3-4 (Apr. 9, 2008) [hereinafter April 2008 Order].
[8] See id. at 2-3.
[9] Id. at 4
[10] Husband (D.V.C.) v. Wife (B.C.), Del. Fam., No. CS00-03243, Conner, J. (Aug. 13, 2008) [hereinafter August 2008 Order].
[11] Id. at 7.
[12] See id. at 9-10.
[13] See id. at 10.
[14] See id. at 11
[15] See id.
[16] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991) (quoting Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983)); Wife (J.F.V.) v. Husband (O.W.V. Jr.), 402 A.2d 1202 (Del. 1979).
[17] See Waters v. Div. of Family Servs., 903 A.2d 720 (Del. 2006).
[18] See Hoffman v. Hoffman, 616 A.2d 294, 297 (Del. 1992) (citing Wife B v. Husband B, 395 A.2d 358, 359 (Del. 1978)); Bachtle v. Bachtle, 494 A.2d 1253, 1256 (Del. 1985).
[19] FAM. CT. CIV. R. 59(d) provides that "[a] motion to alter or amend the judgment shall be served and filed not later than 10 days after entry of the judgment." FAM. CT. CIV. R. 59(e) provides that "[a] motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision."
[20] FAM. CT. CIV. R. 60(b) provides that "[o]n motion and upon such terms as are just, the Court may relieve a party or legal representative from a final judgment, order or proceeding for the following reasons...."
[21] SUP. CT. R. 6(a)(i) provides that "A notice of appeal shall by filed in the office of the Clerk of this Court ... [w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken in a civil case...."
[22] See FAM CT. CIV. R. 7(b) (indicating procedure and requirements for motions to the court)
[23] See Hoffman, 616 A.2d at 297.
[24] FAM. CT. CIV. R. 60(b)(6) (providing relief from judgment for "any other reason justifying relief from the operation of the judgment.").
[25] Bachtle, 494 A.2d at 1256 (citing Jewell v. Div. of Soc. Serv., 401 A.2d 88, 90 (Del. 1979)); accord Waters, 903 A.2d 720.
[26] The language of the two rules is the same, except that the Family Court rule does not contain any time limitation on motions. Compare FED. R. CIV. P. 60(b) with FAM. C. CIV. R. 60(b).
[27] Klapprott, 335 U.S. 601, 615 (1949).
[28] August 2008 Order, supra note 19, at 6.
[29] Id.
[30] Id. at 7-8.
[31] Id. at 7.
[32] Id. at 7-8.