# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE BANK OF NEW YORK MELLON )
f/k/a THE BANK OF NEW YORK AS )
SUCCESSOR TRUSTEE TO )
JPMORGAN CHASE BANK, N.A., AS )
TRUSTEE FOR THE NOTEHOLDERS )
OF THE CWHEQ INC., CWHEQ )
REVOLVING HOME EQUITY LOAN )
TRUST, SERIES 2005-L, )
                         )
                Plaintiff, )
        v. )
                         )       C.A. No. N10L-01-269 ALR
CARL A. BAILEY and )
PENELOPE BAILEY )
                         )
                Defendants. )
                         )

## ORDER

*Upon Consideration of Defendants' Motion to Vacate Default Judgment*
**DENIED**

Upon consideration of the motion to vacate default judgment filed by Defendants Carl Bailey and Penelope Bailey (collectively "Defendants") and opposition thereto filed by The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to JPMorgan Chase Bank, N.A. as Trustee for the Noteholders of the CWHEQ Revolving Home Equity Loan Trust, Series 2005-L ("Plaintiff"); the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

1. Plaintiff is the holder of a Home Equity Credit Line Agreement and Disclosure Statement ("Note") and a Mortgage ("Mortgage") executed by Defendants on March 25, 2005 for real property located at 1025 Dexter Corner Road, Townsend, Delaware 19734 ("Property").[1]

2. Plaintiff filed this *scire facias sur* in rem mortgage foreclosure action against Defendants on January 27, 2010 because Defendants defaulted on their Mortgage payments. Defendants were personally served with the Complaint and Summons.

3. Because Defendants failed to appear in the litigation, default judgment was entered against Defendants in March 2010 pursuant to Superior Court Rule of Civil Procedure 55(b)(1).[2]

---

[1] The Note was executed in favor of Countrywide Home Loans, Inc., which subsequently endorsed the Note in blank. Plaintiff now holds the Note. The Mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., ("MERS"), and recorded with the New Castle County Recorder of Deeds on October 27, 2005 as Instrument Number 20051027-0109902. The Mortgage was first assigned to The Bank of New York Mellon f/k/a The Bank of New York as Successor to JPMorgan Chase Bank, N.A. as Indenture Trustee on Behalf of The Certificateholders, CWHEQ Revolving Home Equity Loan Trust Series 2006-A ("Series 2006-A"). It was then assigned from Series 2006-A to Plaintiff ("Series 2005-L AOM"). There is a third recorded assignment that also assigns the Mortgage directly from MERS to Plaintiff. Whether assigned via the Series 2005-L AOM to Plaintiff or by correcting the Series 2006-A AOM to reflect Plaintiff's name, Plaintiff is clearly the entity in the chain of title of the Mortgage.

[2] *See* Super. Ct. Civ. R. 55(b)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Prothonotary upon written direction of the plaintiff and upon affidavit of the amount due shall enter judgment for that

2

4.     Since the entry of default judgment, the Property has been scheduled for Sheriff's sale seven times.  The most recent sale scheduled for January 2016 was stayed because Defendants filed a Chapter 13 Bankruptcy Petition.  This Petition was dismissed with prejudice on February 23, 2016, barring Defendants from filing for bankruptcy relief for two years.

5.     On April 6, 2016—more than six years after default judgment was entered against them—Defendants filed a motion to vacate the entry of default judgment.  This was the first time that Defendants appeared in this litigation. Defendants now argue that the judgment should be vacated based on new evidence that the "chain of title was broken" as the result of a series of assignments of the Mortgage, and that Plaintiff does not hold the Note.

6.     On April 19, 2016, this Court held a hearing on Defendants' motion. At the hearing, Defendants conceded that they were aware of the pending 2010 litigation and were properly served; however, they failed to appear because of financial hardship.  Defendants also conceded that they have not made any payments on their Mortgage in at least six years.

---

amount and costs against the defendant, if the defendant has failed to appear in accordance with these Rules unless the defendant is an infant or incompetent person.").

7.      Under Superior Court Rule of Civil Procedure 60(b) ("Rule 60(b)"), the Court may relieve a party from a final judgment for the following reasons:

> (1) [m]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud [. . .], misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[3]

8.      A motion to vacate a judgment is within "the sound discretion of the trial court."[4] However, "[b]ecause of the significant interest in preserving the finality of judgments, Rule 60(b) motions are not to be taken lightly or easily granted."[5] Indeed, there must be an appropriate balance between "the interest in bringing litigation to an end and the countervailing concern that justice is carried out."[6] Moreover, a party seeking relief under Rule 60(b) must demonstrate that he or she acted without "unreasonable delay."[7]

9.      Defendants have not established grounds for relief under Rule 60(b). First, Defendants have acted with unreasonable delay and their motion to vacate

---

[3] Super. Ct. Civ. R. 60(b).
[4] *MCA, Inc. v. Matsushita Elec. Indus. Co.*, 785 A.2d 625, 633 (Del. 2001).
[5] *Id.* at 635.
[6] *Id.*
[7] *See Schremp v. Marvel,* 405 A.2d 119, 120 (Del. 1979).

4

default judgment is untimely. Defendants were cognizant of the commencement of the litigation and the entry of default judgment in March 2010; however, chose to not appear in the litigation until April 2016. In six years, Defendants have not made any Mortgage payments and did nothing to delay the foreclosure process other than file for bankruptcy protection multiple times. Now that the Bankruptcy Court has barred the Defendants from filing for Chapter 13 bankruptcy for two years, the Defendants have appeared in this pending foreclosure action to attack the default judgment.

10.     Second, assuming *arguendo* that Defendants' motion to vacate default judgment was timely, it is nevertheless meritless. Defendants argue that there is "new evidence," such that they should be granted relief. Specifically, Defendants challenge various assignments of the Mortgage and/or Note. However, a mortgagor lacks standing to challenge the validity of the assignment of a mortgage because the mortgagor is not a party or a third party beneficiary to the assignment.[8] Defendants are not a party to any of the recorded assignments, nor are Defendants

---

[8] *See, e.g.*, *Branch Banking & Trust Co. v. Eid*, 2013 WL 3353846, at *4 (Del. Super. June 13, 2013) (citing *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4 (Del. Super. March 4, 2013) (noting that "[A] debtor is not a party to a mortgage assignment, is not a third party beneficiary to the assignment and cannot show legal harm as a result of the assignment. As such, the debtor has no legally cognizable interest in an assignment and therefore is not in a position to complain about it.").

intended third party beneficiaries of the assignments. Accordingly, Defendants do not have standing to challenge such assignments.

11. There are no other reasons to justify granting Defendants relief under Rule 60(b). Because Defendants failed to appear in this litigation for over six years and because Defendants do not otherwise have any argument to challenge the foreclosure proceeding, denying Defendants' motion to vacate default judgment reflects "the interest in bringing litigation to an end and the countervailing concern that justice is carried out."[9]

### Conclusion

**NOW, THEREFORE, this 20th day of April, 2016, Defendants' Motion to Vacate Default Judgment is hereby DENIED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[9] *Schremp,* 405 A.2d at 120.