IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHELLY MARKER,[1] | § | |
| | § | No. 62, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No: CN19-02109 |
| CLANCY MITCHELL MEYER, | § | Pet. No. 19-22646 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: September 22, 2021
Decided: October 12, 2021

Before **SEITZ**, Chief Justice, **VALIHURA** and **TRAYNOR**, Justices.

### O R D E R

This 12th day of October, 2021, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that the judgment of the Family Court should be affirmed on the basis of and for the reasons stated in the Family Court's January 28, 2021 Order on Motions for Reargument/Clarification and its February 5, 2021 Amended Ancillary Matters Order.

Shelly Marker raises two issues in this appeal of a Family Court order resolving matters—including property division—ancillary to the annulment of the parties' marriage. First, she takes issue with the Family Court's valuation of the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

parties' marital assets as of the date of the parties' "financial separation." Second, Marker contends that the Family Court's factual findings as to the parties' respective earning capacity and its award to Wife of 50 percent of the equity in the marital residence and 40 percent of the equity in a rental property was erroneous as a matter of law.[2]

This Court has recognized that "[t]he [Family] Court has discretion to value marital property as of the time of divorce, time of separation, or time of the hearing."[3] It is also well settled that "[t]he Family Court has broad discretion in dividing marital property . . . [and] [t]he standard of review on a claim that the Family Court abused its discretion in dividing marital property is whether its discretion was arbitrary and capricious."[4] And we have applied that deferential review standard specifically to the property-division percentages adopted by the Family Court.[5]

Having reviewed the record and the Family Court's orders, we are satisfied that there is sufficient evidence to support the court's exercise of discretion as to the

[2] In Marker's "Summary of Arguments" in her opening brief on appeal, she asserts that '[t]he [Family] Court erred in holding that [Mitchell Meyer] made 'superior' contributions to the marital estate because he paid the mortgages for the two properties." Opening Br. at 3. But, in the Argument section of her brief, Marker does not mention or offer any support for this claim; it is therefore waived.

[3] *Bachtle v. Bachtle*, 494 A.2d 1253, 1256 (Del. 1985) (citing *Walter W.B., Sr. v. Elizabeth P.B.*, 462 A.2d 414 (Del. 1983)).

[4] *Gately v. Gately*, 832 A.2d 1251, 2003 WL 22282584, at *2 (Oct. 1, 2003) (TABLE).

[5] *See Glanden v. Quirk*, 128 A.3d 994, 1002 (Del. 2015).

valuation date, the parties' respective earning capacity, and its division of equity in the marital residence and rental property.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice