Marvin M. SAYER,
Respondent-Below, Appellant,

v.

Genevieve duPont SAYER,
Petitioner-Below, Appellee.

Supreme Court of Delaware.
Submitted: Feb. 19, 1985.
Decided: April 11, 1985.

Ben T. Castle, Young, Conaway, Stargatt & Taylor, Wilmington, for respondent-below, appellant.

Laurence I. Levinson, Wilmington, for petitioner-below, appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

MOORE, Justice:

Marvin M. Sayer, the husband in this property division matter heard in the Family Court, appeals the denial of his claim to any part of the trust income to which his former wife, Genevieve duPont Sayer, became entitled during their marriage. The sole issue before us is a matter of first impression in Delaware: When the right to receive trust income vests in one spouse during a marriage, to what extent, if any, is that income considered marital property subject to division between the parties? The Family Court ruled that a right to receive trust income, which vested in the wife during the marriage, was excludable under two exceptions to the statutory definition of marital property. However, we have difficulty with that reasoning. In our view the trust income paid during a marriage, or which a spouse is actually entitled to receive during that period, is not conceptually different from any other marital asset. Under the circumstances we must reverse and remand for a hearing to determine what part, if any, of the trust income paid the wife, or to which she became entitled to be paid during the marriage should be equitably divided between the parties.

I.

Marvin M. and Genevieve duPont Sayer were married on November 11, 1972, and divorced on November 29, 1979. Mrs. Sayer was born on December 12, 1943. In 1950 her grandfather executed a will establishing four separate trusts for the benefit of his children. Upon the grandfather's death each of his children, including Mrs. Sayer's father, was to receive income from

his or her trust for life. The will provided that upon death of the child for whom the trust was created, his or her respective share would be held for the benefit of that child's surviving issue, who would also be entitled to income for life.[1] In 1977, while the parties were still married, the wife's father died. Upon that event the wife began receiving income from the trust created by her grandfather.

During the property division proceedings the husband sought to have the present value of the wife's vested lifetime interest in the trust income included as marital property to be divided between them. The Family Court ruled that even though the wife's right to the trust income vested during the marriage, the present value of that interest was not marital property. The court reasoned that since the wife held a contingent remainder in the trust prior to the marriage, any more substantial interest which she received, when her rights vested, was either acquired in exchange for the contingency she had before the marriage, or alternatively, represented an increase in the value of the earlier interest. The court concluded that under either theory the property was not marital property under 13 *Del. C.* § 1513(b).

The husband appeals that ruling. Specifically, he contends that the trust income is property acquired during the marriage, and is not within any of the exemptions permitted by the statute defining marital property. Accordingly, it should have been subject to division between the parties.

## II.

In divorce proceedings the Family Court will, upon the request of either party, "eq-uitably divide, distribute and assign the marital property between the parties". 13 *Del. C.* § 1513(a). Marital property is statutorily defined as:

[A]ll property acquired by either party subsequent to the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage;

(2) Property excluded by valid agreement of the parties; and

(3) The increase in value of property acquired prior to the marriage.

13 *Del. C.* § 1513(b).[2]

In this case the Family Court decided that the wife's lifetime income interest in the testamentary trust, which had vested during the parties' marriage, was not marital property because it fell within the exceptions of 13 *Del. C.* § 1513(b)(1) and (2). However, the post-marital vesting of a pre-marital contingent right to trust income is not an "exchange for property acquired prior to the marriage". 13 *Del. C.* § 1513(b)(1). The "exchange" provision is intended to exclude from marital property only that which is "swapped" for pre-marital assets. In *E. C. W. v. M. A. W.*, Del.Supr., 419 A.2d 934 (1980), this Court held that stock dividends were not property acquired in exchange for pre-marital property, even though the husband's overall percentage of outstanding shares had not been increased by the stock dividend. In that case the Court focused on the fact that the husband had "clearly received during marriage property of value that he did not have before marriage." *Id.* at 937. Similarly, the wife's vested right to trust income is property of value that she did not possess when she had only a contingency. Unless

---

**1.** The trust's continued existence depends on certain measuring lives specified in the grandfather's will. Without engaging in unnecessary trust construction it is certain that the wife had no right whatever to receive any part of the corpus during the marriage, and this may be the case for the remainder of her life.

**2.** Section 1513 further provides that:

All property acquired by either party subsequent to the marriage is presumed to be mari-tal property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in paragraphs (1) through (3) of subsection (b) of this section.
13 *Del.C.* § 1513(c).

she survived her father, she would never enjoy a right to the income from his trust.

The Family Court's alternative reasoning, that the vesting during marriage of a pre-marital contingency came within the "increase in value" exception, is also inappropriate. As this Court has recognized, the enhanced value provision is clearly directed to increases occurring from "a price rise in [pre-maritally owned assets]." *Frank G.W. v. Carol M.W.*, Del.Supr., 457 A.2d 715, 725 (1983). The value of a vested interest in a trust is qualitatively as well as quantitatively different from the contingency that the wife possessed prior to the marriage. *See Frank G.W., supra* at 725–236. Under such circumstances the exclusion of this trust interest by reliance upon the increase in value exception is not appropriate.

### B.

While we conclude that the Family Court erred in its judgment interpreting 13 *Del.C.* § 1513(b), it does not follow that Mrs. Sayer's entire lifetime interest in the trust income is marital property. As this Court has previously stated, "vesting, in and of itself, cannot determine proper characterization of property as marital or non-marital property." *Frank G.W.*, 457 A.2d at 724.

The question of what portion of trust income is marital property, when the right to receive the income vests during the marriage, has not previously been addressed in Delaware.[3] However, this Court has considered a related aspect in *Frank G.W. v. Carol M.W., supra.* The main issue there was whether property held in several trusts created before the marriage, but distributed to the husband during marriage, was part of the marital estate. The Court held that the corpora of pre-marital trusts

distributed during the marriage were marital property, while the assets dispersed after the divorce were not. *Id.* at 727.

After an extensive discussion of several approaches to the characterization of non-marital versus marital trust assets, this Court chose to adopt a possessory definition of the term "acquired". We stated that:

"Acquired" in 13 *Del.C.* § 1513(b) is to be defined to reflect the reality presented to our Courts—assets are to be characterized in regard to the actual or constructive possession by the parties. This definition reflects the statutory purpose of allocating available resources fairly between the parties in consideration of both monetary and non-monetary contributions made to the well-being of the family. Such a definition also enables our Courts to value trust assets in a logical and workable manner based on values which were subject to the control and enjoyment of the marital unit.

*Id.* at 726.

■ Applying this same rationale to a spouse's interest in trust income, we conclude that the term "acquired" in 13 *Del.C.* § 1513(b) means the actual receipt or the right to presently receive the trust income. That rationale is particularly compelling here in light of the spendthrift provision applicable to Mrs. Sayer's trust. Her grandfather's will provides:

FIFTEENTH: The income and principal which I have directed to be paid to the beneficiaries of the trusts created under this Will shall be for their and each of their respective sole, separate and exclusive use and benefit, so that neither the income nor the principal shall be in any manner pledged, appropriated, disposed of or parted with by anticipation

---

3. In *A.I.D. v. P.M.D.*, Del.Supr., 408 A.2d 940 (1979), the husband contended that certain trust income which was received prior to the parties' marriage, during the marriage, and that he would continue to receive after the marriage, was non-marital property. We stated that the trust income was questionable as marital property, but it was unnecessary to resolve the question in that case. *Id.* at 942.

before the same shall have accrued and become payable; nor shall the income or principal or any part thereof be liable to execution, seizure, attachment, sequestration or any other legal or equitable process or in bankruptcy or receivership or any other proceedings for any debts, obligations or liabilities of such beneficiaries or any of them.

Thus, it is apparent that the extent of the marital property derived from this trust could only be that which was paid or actually due Mrs. Sayer while she was married. The money that the wife receives after the divorce is non-marital property.[4] Under the circumstances the case must be remanded to the Family Court for further consideration by that tribunal of an equitable division of this marital asset between the parties, considering all relevant factors. However, in reaching this conclusion we do not imply that the husband is entitled to any distribution of Mrs. Sayer's trust income. That remains a question within the Family Court's sound discretion.

\* \* \*

REVERSED AND REMANDED.

**4.** This holding is consistent with our approach to pensions in property division situations. In *Robert C.S. v. Barbara J.S.*, Del.Supr., 434 A.2d 383 (1981), we recognized that pensions are unique in that they are in effect a deferred compensation that should be subject to equitable division, because although they are not presently possessed they *are* presently earned. *Id.* at 386. Thus, we concluded that pensions are comprised of both marital and non-marital property. Accordingly, the pension amounts attributable to the periods prior to or subsequent to the marriage are separate property while those rights earned during a marriage are proportionally distributable to the parties.

Similarly, the trust income acquired by a spouse during the marriage is part of the marital estate, while that acquired either prior to the marriage, or subsequent to the divorce, is non-marital property.