IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRAD KING,[1] | § | |
| | § | No. 412, 2016 |
| Respondent Below, | § | |
| Appellant/Cross-Appellee, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No: CN13-06206 |
| KAREN L. HOWARD, | § | Petition No: 14-00708 |
| | § | |
| Petitioner Below, | § | |
| Appellee/Cross-Appellant. | § | |

Submitted: March 1, 2017
Decided: March 15, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

Upon appeal from the Family Court: **REVERSED** and **REMANDED**.


Patrick J. Boyer, Esquire and Marie I. Crossley, Esquire, MacElree Harvey, Ltd., Centreville, Delaware for Respondent Below, Appellant Brad King.

Judy M. Jones, Esquire, Parkowski, Guerke & Swayze, P.A., Wilmington, Delaware for Petitioner Below, Appellee Karen L. Howard.


**SEITZ**, Justice:

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Under Delaware law, property acquired after marriage but before divorce is marital property subject to equitable division in ancillary proceedings. In this appeal we review the Family Court's determination that only one-third of a substantial bonus paid to Wife after separation but before divorce qualified as marital property. According to the Family Court, because two-thirds of the bonus payment was subject to forfeiture after the couple's divorce, only one-third of the bonus was actually earned during the marriage and qualified as marital property.

We reverse the Family Court's decision because the entire bonus was earned during the marriage and qualifies as marital property. Under Wife's Transaction Bonus Agreement ("TBA"), the company agreed to pay Wife a bonus at closing for her efforts to sell the company. Her efforts bore fruit, the company was sold, and Wife earned the transaction bonus which was paid before divorce. Although Wife's bonus might have been subject to forfeiture post-divorce, it was nonetheless earned under the TBA during the marriage. Thus, we remand to the Family Court to determine how to equitably divide the full bonus amount.

**I.**

Husband and Wife married on September 22, 2002. They had four children together. Wife started working for a local company during the first year of the marriage, eventually working her way up the corporate ranks to president. In

September 2013, while the parties were married and together, Wife signed the TBA with the company.

Subject to the terms of the TBA, if an "Exit Event" occurred, and Wife satisfied the conditions set forth in Section 3 of the TBA, Wife was "entitled to receive a bonus" upon closing of the Exit Event in an amount dependent on the purchase price of the company.[2] An Exit Event has a precise definition in the TBA, but can be described generally as a sale of the company within one year of signing the TBA. Section 3 of the TBA required Wife to "exercise all reasonable efforts" and to "cooperate with the Company to consummate the Exit Event."[3] It also required that she remain continuously employed by the company through the closing of the Exit Event or if her employment terminated sooner, her termination be without Cause or due to death or disability.[4] Wife was entitled to the bonus payment "at the closing of the Exit Event."[5]

In Section 6 of the TBA, entitled "Forfeiture for Certain Early Terminations," Wife and the company agreed that if the company terminated Wife for "Cause" or if Wife terminated her employment without "Good Reason"[6] then

---

[2] TBA § 2.
[3] *Id.* § 3.1.
[4] *Id.* § 3.2.
[5] *Id.* § 4.
[6] "Cause" and "Good Reason" are defined as having "the same meaning as under the Employment Agreement." TBA §§ 1.3, 1.9. The Employment Agreement is not part of the record.

3

the bonus would be subject to reduction or repayment depending on when the termination occurred, summarized as follows:

> After closing but prior to payment – amount payable reduced by two-thirds and further payment forfeited.

> After receiving payment but within six months following closing – Wife must repay two-thirds of amounts already paid (including two-thirds of all amounts withheld for taxes) and further payments forfeited.

> After receiving payment but more than six months after closing but before first anniversary of closing – Wife must repay one-third of amounts already paid (including one-third of all amounts withheld for taxes) and further payments forfeited.[7]

On November 10, 2013, Husband and Wife separated. In April 2014, Wife finalized a sale of the company entitling her to the transaction bonus at closing. Although the date of closing and the date she received the transaction bonus payment are unclear from the record, the parties do not dispute that Wife was paid the full amount of the transaction bonus net of taxes after the couple separated but before the date of their divorce, August 14, 2014.[8]

In 2016, the Family Court heard the remaining property division issues between Husband and Wife, which included whether Wife's bonus payment was marital property. In a June 20, 2016 decision, the Family Court held that one-third

---

[7] *Id*. § 6. Wife could potentially receive future payments due to post-closing payments described in Section 5 of the TBA. The parties have not, however, raised as part of the appeal these possible post-closing payments, and the consequent recalculation of the bonus payment.

[8] *See Id*. § 4 ("[T]he Executive will be paid his or her Bonus at the closing of the Exit Event."); *see also* Opening Br. at 9-10 ("[B]efore the final Divorce Decree, Wife realized the entirety of the Transaction Bonus.").

4

of the transaction bonus was marital property. Treating the payment as a retention bonus rather than a transaction bonus, the court reasoned that only one-third of the payment was actually earned as of the date of divorce because the remaining two-thirds was subject to forfeiture if Wife was terminated for "Cause" or resigned without "Good Reason."[9] Thus, only one-third of the bonus qualified as marital property. The Family Court divided one-third of the bonus 65% to Husband and 35% according to the percentages applied to the division of the couple's other assets.

Husband raises four related arguments on appeal. He asserts that the Family Court erred in classifying two-thirds of the bonus as Wife's individual property because: (1) the marital property statute presumes all property acquired after the marriage is marital property, (2) Delaware cases state that the date of divorce is the date to determine if property is martial or individual, (3) Wife signed the TBA before the divorce, and (4) Wife received the transaction bonus before the divorce was final. Wife has cross-appealed and contends that the Family Court erred by finding that any part of the transaction bonus was marital property, or alternatively by equitably dividing the bonus payment 65% to Husband and 35% to Wife because the payment was received post-separation and Husband therefore contributed little to its payment during the marriage.

---

[9] TBA § 6.

5

We review the Family Court's legal determinations *de novo*.[10] Where the Family Court correctly applied the law, we review only for abuse of discretion.[11]

**II.**

The question before us is whether Wife's transaction bonus was earned during the marriage and thus marital property. Under 13 *Del. C.* § 1513(b), "marital property" is "all property acquired by either party subsequent to the marriage" unless it falls under one of four enumerated exceptions inapplicable here.[12] Subsequent to the marriage means after marriage but before divorce.[13] It is not the date of separation, but "the date of divorce [that] controls for determining the identity of marital property."[14]

Husband is entitled to a presumption that assets such as the transaction bonus acquired during the marriage are martial property.[15] "Accounting and tax designations are not controlling when making marital property determinations."[16] "Instead, the Family Court must consider when a spouse's income was actually

---

[10] *Glanden v. Quirk*, 128 A.3d 994, 999 (Del. 2015).

[11] *Id.*

[12] *See* 13 *Del. C.* § 1513(b)(1)(a)-(d); *Lynam v. Gallegher*, 526 A.2d 878, 883 (Del. 1987) (stating that the "Family Court has discretion to value marital property as of the time of divorce, the time of separation, or the time of the hearing," but in the "absence of unfair tactics by the other spouse, property received by a spouse subsequent to the marriage and prior to the divorce decree is marital property.").

[13] *Glanden*, 128 A.3d at 999, n.7 (citing 13 *Del. C.* § 1513(b)).

[14] *Walter W.B. v. Elizabeth P.B.*, 462 A.2d 414, 415 (Del. 1983).

[15] *Lynam*, 526 A.2d at 883 ("[P]roperty received by a spouse subsequent to the marriage and prior to the divorce decree is marital property."); *see also* 13 *Del. C.* § 1513(c).

[16] *Glanden*, 128 A.3d at 999 (citing *Lynam*, 526 A.2d at 881).

earned, rather than when it was received, for marital property purposes."[17] Property is earned for purposes of 13 *Del. C.* § 1513(b) when a person has received "or [has] the right to presently receive the [] income."[18] Thus, marital property includes any money "which was paid or actually due" during the marriage.[19]

Wife was paid the full amount of the transaction bonus during the marriage. The statute and decisional law make Wife's bonus payment appear to be an obvious call as marital property. But the Family Court held otherwise, because of a twist in the TBA. Section 6 of the TBA provides for forfeiture of part of the transaction bonus if Wife left the company's employment under certain conditions post-closing. Based on Section 6, the Family Court believed that the transaction bonus operated as a retention bonus. From this premise, the court held that only one-third of the bonus was earned during the marriage because the remaining two-thirds was subject to forfeiture post-marriage.

We disagree with the Family Court's analysis. The court started from a faulty premise—that the purpose of the transaction bonus was to retain Wife as an employee post-closing. The primary purpose of the TBA was to induce Wife to assist with the sale and closing of the company. If she fulfilled her duties, Wife

---

[17] *Id*.
[18] *Sayer v. Sayer*, 492 A.2d 238, 240 (Del. 1985).
[19] *Id*. at 241; *see also Frank G.W. v. Carol M.W.*, 457 A.2d 715, 725 (Del. 1983) (holding that trust assets distributed during the marriage were marital assets, while those distributed after divorce were not).

7

would be paid a transaction bonus at closing for her efforts. That the transaction bonus was subject to forfeiture after it was earned does not affect its status as marital property. Unlike a retention bonus, where progress payments are made at certain milestones to induce an employee to stay with a company post-closing,[20] Wife earned the transaction bonus upon closing of the sale of the company. She had a vested right to payment at closing which occurred during the marriage, making the bonus marital property. As stated in *Ables v. Ables*:

> The possibility that a property may be subject to total or partial forfeiture does not destroy its character as a vested property right for the purposes of division on divorce. The fact that it may be forfeited is indicative it is presently vested. Otherwise, a discussion of the conditions resulting in divestment would be meaningless. "Only rights in existence can be forfeited."[21]

The Family Court relied on *N.P. v. J.L.P.*, where the court held that only a portion of a retention bonus was marital property. In *N.P.*, the husband received retention bonuses from his employer at various milestones as incentives for him to continue working through the completion of a project.[22] The Family Court held that the bonus was a martial asset, but prorated the amount of the bonus Wife was

---

[20] *See, e.g.*, *N.P. v. J.L.P.*, 2008 WL 1952968, at *3-4 (Del. Fam. March 11, 2008) (retention bonus paid to incentivize employee to continue working through the completion of a project); *Skelly v. Skelly*, 780 N.W.2d 368, 371-72 (Mich. App. 2009) (retention bonus paid in increments to entice employee to remain with the company).

[21] 540 S.W.2d 769, 770 (Tex. Civ. App. 1976) (quoting *Mora v. Mora*, 429 S.W.2d 660, 662 (Tex. Civ. App. 1968)).

[22] 2008 WL 1952968, at *3-4.

entitled to so that Wife would receive that portion for the period that the parties were actually together.

That is not the case here. As noted before, the transaction bonus is not a retention payment. Instead, Wife earned the bonus for assisting with the company's sale. Unlike the periodic retention payments in *N.P.*, Wife was paid the entire bonus amount at the time the company was sold. Thus the entire transaction bonus was earned during the marriage when the company was sold, subject to forfeiture only if she left the company under certain conditions which were entirely within Wife's control. Although not directly pertinent, we note that Wife appears to have retained the entire transaction bonus by remaining employed with the company for one year post-closing.

Wife argues on cross-appeal that no part of the transaction bonus should have been considered martial property because she finalized the sale after she and Husband separated. But the statute determines the status of property prior to divorce, not prior to separation. The entire bonus was marital property because she earned the bonus before the divorce.

Alternatively, Wife argues that only 10% of the transaction bonus is martial property because she and Husband were only together for two of the entire twenty

month process of selling the company.[23]  Thus, according to Wife, Husband contributed little to Wife's efforts to earn the transaction bonus.  We have now held that the full amount of the transaction bonus is marital property.  The Family Court on remand should consider how to equitably divide the entire transaction bonus given the division of the entire marital estate and using the factors in 13 *Del. C.* § 1513(a)(1)-(11).

The judgment of the Family Court is reversed.  This matter is remanded to the Family Court for further proceedings consistent with this opinion.  Jurisdiction is not retained.

---

[23] Wife signed the TBA in September 2013.  Husband and Wife separated November 10, 2013. The transaction bonus was paid sometime in April, 2014, before the couple's divorce on August 14, 2014.