IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MITCHELL GARRISON, [1] | § | |
| | § | No. 418, 2018 |
| Respondent Below– | § | |
| Appellant, | § | Court Below – Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN17-03014 |
| TAMIKA DOWNING, | § | Petition No. 17-13567 |
| | § | |
| Petitioner Below– | § | |
| Appellee. | § | |

Submitted: January 8, 2020
Decided: February 26, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, constituting the Court *en Banc*.

Upon appeal from the Family Court. **AFFIRMED**, in part, **REVERSED**, in part, and **REMANDED**.

Patrick J. Boyer, Esquire, MacElree Havrey, Ltd, Centreville, Delaware, Attorney for Respondent Below-Appellant.

James P. Curran, Jr., Esquire, Law Offices of James P. Curran, Jr., Newark, Delaware, Attorney for Petition Below-Appellee.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

**VAUGHN**, Justice, for the Majority:

The Appellant, Mitchell Garrison (the Husband), appeals from a Family Court debt-division order issued after his divorce from the Appellee, Tamika Downing (the Wife). He sets forth two claims. First, he contends that the Family Court erred by ordering him to pay premarital debts incurred by the Wife to pay for the parties' wedding. Next, he contends that the Family Court erred by finding that the parties' prenuptial agreement barred his claim to half of the value of the Wife's business which she operated during their marriage.

The parties were married on July 10, 2015 and divorced on October 4, 2017. After granting the divorce decree, the Family Court retained ancillary jurisdiction to divide the couple's marital property. Before the ancillary hearing, however, the parties agreed that there were no marital assets to divide. The Wife asked the Court to order the Husband to pay half of the parties' debts that existed at the time the parties separated, the majority of which were premarital debts incurred in her name alone to pay for the couple's weeding.

During the ancillary proceedings, the Wife testified to her participation in the Barter Network, whereby she traded her skin care services for various other services. The Family Court received into evidence the Wife's Barter Network statement for the period preceding the parties' wedding. The statement reflected that several of the services or products "purchased" prior to July 10, 2015 were made in anticipation

2

of the parties' wedding, including premarital counseling services, dance lessons, and a wedding cake. The Wife also introduced a summary of her outstanding credit card debts along with a breakdown of specific purchases and dates of purchases on each credit card. Pre-wedding purchases included food for the wedding, wedding decorations, and deposits for the Husband's daughters' dresses.

The Husband argued that the debts the Wife incurred in advance of the marriage were not marital debt. He also testified that he had paid for his share of the wedding expenses by cash or check but did not produce evidence that he had, in fact, done so. He also asked the Court to award him half of the Wife's business that she operated during the marriage, despite his prehearing agreement that there was no marital property to divide.

At the conclusion of the ancillary proceedings, the Court ruled that the parties' marital debts would be divided equally. In its order, the Court stated that it believed "that the expenses related to the parties' wedding, even if some were incurred in advance of the parties' marriage, should be divided equally since such expenses are clearly 'in contemplation of marriage.'"[2] It ordered the Husband to pay the Wife $21,666, most of which was for the premarital debts for the parties' wedding. The

_____

[2] Appellant's Opening Br. Ex. A at 3 (citing *McNulty v. McNulty*, 45 A.3d 149, 2012 WL 1899843, at *2 (Del. May 24, 2012) (ORDER)).

Court denied the Husband's request that he be awarded half of the value of the Wife's business.

## STANDARD OF REVIEW

This Court's review of an appeal from the Family Court extends to a review of the law and the facts, as well as a review of the inferences and deductions made by the judge.[3] This Court will not disturb the Family Court's rulings on appeal if its findings of fact are supported by the record and its explanations, deductions and inferences are the product of a logical reasoning process.[4] We review legal determinations *de novo*.[5] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[6]

## DISCUSSION

We first address Husband's contention that the Family Court erred when it found that the wedding expenses the Wife incurred prior to the marriage were marital debts, subject to division.

Like assets, debts incurred during the course of a marriage are presumed to be marital.[7] Generally, for a debt to be incurred during the course of a marriage it must be acquired after the parties' marriage and before their divorce.[8] In concluding the

---

[3] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[4] *Thomas v. Thomas*, 102 A.3d 1138, 1142 (Del. 2014) (en banc).
[5] *Glanden v. Quirk*, 128 A.3d 994, 999 (Del. 2015).
[6] *Id.*
[7] *Wharton v. Wharton*, 44 A.3d 923, 2012 WL 1431234, at *2 (Del. Apr. 25, 2012) (ORDER).
[8] *King v. Howard*, 158 A.3d 878, 881-82 (Del. 2017).

Wife's pre-wedding expenses were marital debts in this case, the Family Court relied upon *McNulty v. McNulty*, where this Court affirmed a Family Court decision finding that "property acquired before marriage may be subject to equitable division if it is acquired 'in contemplation of marriage.'"[9]

We begin our analysis of the Husband's contention that premarital debts are not subject to division under the "contemplation of marriage" rule by looking at the property division statute at 13 *Del. C.* § 1513. The statute defines marital property as "all property acquired by either party subsequent to the marriage," with certain exceptions not relevant here.[10] The statute does not contain any language authorizing the Family Court to divide property or debt acquired by a party prior to the marriage.

It appears that the first case to discuss an "equitable exception" to the property division statute for property acquired "in contemplation of marriage" was *Connelly v. Connelly*,[11] a Superior Court case decided in 1975 when the Superior Court had jurisdiction over divorce and property division. Twelve days before the parties' marriage, the husband bought a house in his name alone for his wife and him to live in. The Superior Court found on the facts of the case that the parties themselves

---

[9] 45 A.3d 149, 2012 WL 1899843, at *1 (Del. May 24, 2012) (ORDER) (citation omitted).
[10] 13 *Del. C.* § 1513(b).
[11] C.A. No. 3680, 1975 (Del. Super. May 20, 1975), *aff'd* No. 164, 1977 (Del. June 28, 1978) (ORDER).

intended for the house to be marital property. It awarded the wife one-third of the increase in the value of the home during marriage.[12] The Superior Court's decision was affirmed on appeal.[13] In its order, this Court explained the rationale of the decision as follows:

> The parties are not, as a matter of law, prohibited by 13 Del. C. §1513(b), from agreeing to share any increase in the value of the property acquired by petitioner prior to the marriage.
>
> In the exercise of its equitable powers, the Superior Court correctly concluded that, on the record facts, the parties intended the subject premises to be marital property and that basic fairness therefore required a finding that respondent be awarded a proportionate interest in the increased value of the property.[14]

Another early case was *Freeman v. Freeman*.[15] In that case, the parties looked for and were successful in finding a home during their engagement. The home was purchased in May 1971. On the advice of counsel representing them in the settlement, the home was placed in the husband's name alone because the parties were not yet married.[16] The parties were married in June 1971. The wife contributed to maintenance of the property and made mortgage payments from her salary during the period the parties resided together. Relying on *Connelly v. Connelly,* the Family

---

[12] As recognized in the Supreme Court's Order affirming the Superior Court's decision. *See Connelly v. Connelly*, No. 164, 1977, at 1 (Del. June 28, 1978) (ORDER).
[13] *Id.* at 3.
[14] *Id.*
[15] 504 A.2d 571, 1986 WL 217573 (Del. Jan. 14, 1986) (ORDER).
[16] Exactly why such advice was given is not explained.

Court ruled that it was the parties' intention that the home be marital property, subject to division.[17]  The Family Court's ruling was affirmed on appeal.[18]

A few years later, in *Wilson v. Lynn*,[19] the same Family Court judge who decided *Freeman v. Freeman* again addressed the equitable exception to the property division statute.   In *Wilson*, the parties were married on September 23, 1989.  A little over a year before, on August 11, 1988, the husband had acquired a one-half interest as tenant in common in a 5.3 acre parcel of real estate.  His father held the other one-half interest.  Upon the parties' divorce on July 9, 1992, the wife claimed that she should receive a share of the husband's one-half interest in the property on the theory that the husband had acquired that interest in contemplation of marriage. The Family Court Judge discussed the equitable exception to the property division statute in the following terms:

> Before applying established Delaware case law to the facts of this particular case, it is necessary to point out that the Delaware Divorce Statute is absolutely clear that marital property is restricted to property acquired by either party subsequent to the marriage (13 *Del. C.* § 1513(c)).  This Court cannot substitute its preference for the intent of the legislature and either enlarge or restrict this statutory definition of marital property.  As noted earlier, this Court has on limited occasions expanded this definition of marital property to include property that was acquired just prior to the wedding in contemplation of marriage.  The

---

[17] *Id.* at *1-2.
[18] *Id.* at *2.
[19] 1993 WL 331899 (Del. Fam. June 15, 1993)

7

rationale behind that expansion was that both parties intended that real estate they selected and purchased together prior to their marriage to evolve from a "non-marital" status to a "marital" status upon their marriage, even though it was titled in only one of their names.[20]

In that case, the Court decided, on the particular facts involved, that the real property in question was not within the equitable exception for property acquired in contemplation of marriage.[21]

Since then, we have reviewed Family Court decisions discussing the equitable exception to the property division statute in *Battaglia v. Battaglia*[22] and *McNulty v. McNulty,* both of which involved real property acquired by a husband in his name alone prior to the marriage.[23]  Significantly, all of the cases where the Family Court has applied the "contemplation of marriage" rule involve real property acquired by one of the parties prior to the marriage which was not titled in both parties' names.[24] It appears that this is the first case to come before us where the equitable exception has been applied to premarital debts.

---

[20] *Id.* at *3.

[21] *Id.* at *2-4.  In *Wilson*, the Family Court judge articulated a four factor test he would apply to any claim that a property was acquired in contemplation of marriage.  *Id.* at *3.  Subsequent Family Court judges have elected not to apply that test, choosing instead to apply a more fact-specific analysis.  *See McNulty*, 2012 WL 1899834, at *1 & n.9.

[22] 882 A.2d 761, 2005 WL 2149337 (Del. Aug. 24, 2005) (ORDER).

[23] 2012 WL 1899834.

[24] *See id.*; *Battaglia,* 2005 WL 2149337; *Freeman v. Freeman*, 504 A.2d 571, 1986 WL 217573 (Del. Jan. 14, 1986) (ORDER); *see also Daugherty v. Stearns*, 2008 WL 4698563 (Del. Fam. Sept. 29, 2008); *O T. A v. M L*, 2008 WL 4698492 (Del. Fam. July 10, 2008); *A J. A v. R-L R. T-A-F*, 2005 WL 4674277 (Del. Fam. Nov. 15, 2005); *In the Interest of Bennett*, 1995 WL 775118 (Del. Fam. Jan. 3, 1995).

After carefully considering the question presented by the Husband's first claim, we have concluded that the equitable exception for property acquired in contemplation of marriage should be construed narrowly to apply only as originally intended. Due regard must be given to the fact that the rule is an exception to the Family Court's statutory jurisdiction. In the future, the Family Court should limit the equitable exception to cases involving real property where the evidence shows that it was the parties' intention that the property, although acquired in the name of one party prior to marriage, was to become marital property upon their marriage. Any enlargement of the equitable exception beyond that must come from the General Assembly. The Family Court's judgment dividing premarital debts in this case is reversed.

The Husband's second contention is that the Family Court erred by finding that the parties' prenuptial agreement barred his claim to half of the value of the Wife's business which she operated during the marriage. In denying the Husband's claim against the Wife's business, the Family Court reasoned that the Husband previously agreed that there were no assets to divide, the prenuptial agreement excluded the Wife's business, the Husband presented no evidence of the business's value, and the Wife's business produced only income, had no tangible assets and no other value. We find no error in the Court's denial of the Husband's request for division of the Wife's business.

9

The judgment of the Family Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

**SEITZ**, Chief Justice, Dissenting; joined by **MONTGOMERY-REEEVES**, Justice:

We respectfully dissent from the Majority's thoughtful opinion. Like the Family Court, we believe that the longstanding "in contemplation of marriage" exception should allow the Family Court to consider Wife's wedding expenses as debts to be divided as part of the couple's marital property division following divorce.

The Family Court has the statutory authority to equitably divide marital property after considering the debts of the parties.[25] The statute limits marital property to property acquired "subsequent to the marriage."[26] As early as 1978, however, and continuing to this day, this Court has recognized an equitable exception to the statute. Real property acquired prior to marriage should be treated as marital property if it was purchased in contemplation of marriage.[27] The equitable exception to the statute is grounded in "basic fairness"[28]—spouses who make financial decisions in contemplation of marriage that are enjoyed by the couple as

---

[25] 13 *Del. C.* § 1513(a)–(b); *see Wharton v. Wharton*, 44 A.3d 923, 2012 WL 1431234, at *2 (Del. Apr. 25, 2012) (TABLE) ("The Family Court has broad discretion in dividing marital property. As with assets, debts incurred during the course of the marriage are presumed to be marital.") (internal citation omitted); *In re Estate of C.R.P.*, 2015 WL 3613561, at *6 (Del. Fam. June 9, 2015) ("The Court finds that the [] property is marital property . . . . The remaining balances on debt associated with the [] property are . . . marital debts.") (internal citation omitted).

[26] 13 *Del. C.* § 1513(b) (defining "marital property" as "[a]ll property acquired by either party subsequent to the marriage," subject to certain exceptions, and "[a]ll jointly-titled real property acquired by the parties prior to their marriage," unless otherwise excluded).

[27] *See, e.g.*, *Freeman v. Freeman*, 504 A.2d 571, 1986 WL 217573 (Del. Jan. 14, 1986) (TABLE).

[28] *Connelly v. Connelly*, No. 164, 1977, at 3 (Del. June 28, 1978) (ORDER).

part of the marriage should not be penalized by which side of the marriage line those decisions fall.[29]

As the Majority notes, this Court has not applied the equitable exception outside of real property acquired in contemplation of marriage. We, however, believe the equitable exception logically extends to debts acquired in contemplation of marriage. The inequities of this appeal show why. Wife paid for or bartered for premarital counseling services, dance lessons, a wedding cake, food for the guests, decorations, and deposits for Husband's daughters' dresses. The barter network presumably lowered out-of-pocket costs, which might explain why Wife, and not Husband, incurred the expense. Now, Wife is saddled with wedding expenses that the couple both enjoyed as part of their wedding ceremony. "Basic fairness" and the in contemplation of marriage exception should allow the Family Court to consider those expenses as part of the division of marital property, making Husband pay his fair share of those expenses.

---

[29] *See Freeman*, 1986 WL 217573, at *1 ("[A] strict interpretation of the statute would deprive the [party] of any claim to the only significant marital asset despite the fact that the property was purchased just a few weeks before the parties' marriage and the [party] lived in and contributed to the value of the property."); s*ee also* 10 *Del. C.* § 925(15) ("In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against any party to the action as the principles of equity appear to require.").